IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIA MCCREADY, | ) Case No. 3:13-cv-128 |
| | ) |
| Plaintiff, | ) JUDGE TIMOTHY S. BLACK |
| | ) |
| v. | ) Magistrate Judge Sharon L. Ovington |
| | ) |
| THE DAYTON POWER AND LIGHT COMPANY LONG TERM DISABILITY PLAN, et al., | ) |
| | ) STIPULATED PROTECTIVE ORDER |
| | ) |
| Defendants. | ) |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be made at the time testimony is given, or within fifteen (15) days after receiving a deposition transcript. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection under the terms of this Order. If no party timely designates testimony or exhibits from a deposition as being CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, none of the deposition testimony or exhibits will be treated as confidential.

5. **Interrogatory Answers and Responses.** Interrogatory answers and responses to requests for admissions may be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by placing a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated Confidential. Thereafter, the interrogatory answers and responses shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection under the terms of this Order.

6. **Electronic Data.** Electronic Data may be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in a cover letter identifying the information generally. When feasible, counsel for the designating party will also mark the electronic or magnetic media with the appropriate designation. Whenever any party to whom Electronic Data designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the appropriate legend. Whenever any confidential Electronic Data is copied into another file, all such copies shall also be marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER as appropriate. "Electronic data" means any electronically stored or recorded information in its native format (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).

7. **Manuals, Procedures, and Personnel Training Material.** All of Defendant Unum Life Insurance Company of America's ("Defendant Unum") manuals, procedures and

3

personnel training material produced in this case shall be stamped by the Defendant Unum as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the manuals, the procedures and the personnel training material shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection under the terms of this Order.

8. **Protection of Confidential Material.**

    (a) **General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 8(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action [adversary proceeding], including any appeal thereof. Materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and all information in them, may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated or otherwise communicated to any person other than any third person or entity except as set forth in subparagraphs (1)-(5).

    (b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

        (1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action, but only if:

4

    a) it is necessary to disclose the documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to them for purposes of this action;

    b) they are not parties or affiliates of any party or competitors or vendors of any party;

    c) they are not officers, directors or employees of parties, or affiliates of parties, or of competitors or vendors or customers of parties; and

    d) they are under the supervision and control of counsel.

(2) **Parties.** Parties and employees of a party to this Order, but only to the extent disclosure is required for the prosecution or defense of this action as determined by counsel in good faith.

(3) **Court and Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Consultant, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound and only if:

      a) it is necessary to disclose the documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to them for purposes of this action;

      b) they are not parties or affiliates of any party; and

      c) they are not officers, directors or employees of parties, or affiliates of parties, or of competitors or vendors or customers of parties;

    (5)  **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  (c)  **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

  (d)  **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the

6

word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

 (e) **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

 (f) **Persons Bound.** All parties and attorneys of record in this action, and all other persons and entities possessing or granted access to CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information shall be bound by this Order.

9. **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

 (a) Before any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designed the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

7

(b) Where agreement is not possible or adequate, before a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. If any party seeks to obtain judgment by either a motion to dismiss or a motion for summary judgment, only supporting confidential documentation, not the motions themselves, may be filed under seal.

(c) To the extent that it is necessary for a party to discuss the contents of any confidential information in support of or in opposition to a motion, the party so using the material shall transmit a copy of the relevant material to the Court's chambers in an unsealed envelop clearly marked: "COPY – ORIGINAL FILED UNDER SEAL." It shall be the responsibility of the party using the confidential material, not the Clerk, to supply the copy to the Court's chambers.

(d) Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents were so designated solely by that party.

10. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall notify the designating party within thirty (30) days of receipt of the document, information, or tangible item of the objection.

8

The parties shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

Failure to file a Motion for Protective Order within fourteen (14) days of receiving the notification of a party's challenge to the designation shall cause such documents, information or tangible items to be excluded from the provisions of this Order. At all times, the designating party bears the burden of proving the documents, information or tangible items contain information appropriately subject to a Protective Order under Rule 26 of the Federal Rules of Civil Procedure. The filing of a Motion for Protective Order by the designating party within the time limit set forth shall preserve the designation of said documents or items until a ruling by this Court on the Motion for Protective Order.

11. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

12. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived

9

therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information. Counsel for the parties shall confer in good faith to attempt to agree upon a method to protect such CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information and insure against inadvertent disclosure of those documents or information to persons not subject to this order. In the event a trial of this matter shall occur, no materials used in open court shall be entitled to the continuing designation of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

13. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to

10

return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.

(c) Return of Documents Filed under Seal. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders. Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) additional protection for specific items of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents; or (ii) relief from the provisions of this Order with respect to specific items or categories of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.

11

Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Exemption from Public Records Acts.** All CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents are exempt from disclosure under state or federal Public Records Acts. All such material filed with the Court or its agents and designated by the parties as exempt from disclosure shall be maintained by the Court or its agents separate from public records. Nothing in this Section shall be construed as preventing the Court or its agents from abiding by the terms of any applicable Public Records Act with respect to any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents which are not exempt from the definition of public records.

17. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: 2/26 , 2014

_Timothy S. Black_
JUDGE BLACK

**WE SO STIPULATE AND AGREE TO BE BOUND BY THE TERMS OF THIS ORDER**

| | |
|---|---|
| /s/ Joseph P. McDonald (per email consent) | /s/ Brett K. Bacon |
| **MCDONALD & MCDONALD CO., LPA** | **FRANTZ WARD LLP** |
| 200 E. Spring Valley Rd., Suite A | 127 Public Square |
| Dayton, Ohio 45458 | 2500 Key Center |
| (937) 428-9800 | Cleveland, Ohio 44114 |
| (937) 428-9811 | (216) 515-1660 |
| joseph@mcdonaldandmcdonald.com | (216) 515-1650 (fax) |
| | bbacon@frantzward.com |
| Attorneys for Plaintiff | Attorneys for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIA MCCREADY, | ) Case No. 3:13-cv-128 |
| | ) |
| Plaintiff, | ) JUDGE TIMOTHY S. BLACK |
| | ) |
| v. | ) Magistrate Judge Sharon L. Ovington |
| | ) |
| THE DAYTON POWER AND LIGHT | ) |
| COMPANY LONG TERM | ) |
| DISABILITY PLAN, et al., | ) |
| | ) |
| Defendants. | ) |

### ACKNOWLEDGMENT
### AND
### AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the

United States District Court for the Southern District of Ohio in matters relating to the Protective

Order and understands that the terms of the Protective Order obligate him/her to use documents

designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the

Order solely for the purposes of the above-captioned action, and not to disclose any such

documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: Joseph P McDonald

Job Title: Attorney

Employer: McDonald + McDonald Co LPA

Business Address: ~~[redacted]~~
200-A Spring Valley Pike
Centerville, Ohio 45458

Date: 2/21/2014

Signature: [signed]

15